IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LUCAS CARRILLO**, Personal Representative of the Estate of Aaron Joseph Danielson,<br><br>  Plaintiff,<br><br>  v.<br><br>**THE CITY OF PORTLAND**, a municipal corporation; **MICHAEL SCHMIDT**, an individual; and **EDWARD TEVIS (TED) WHEELER**, an individual,<br><br>  Defendants. | Case No. 3:21-cv-1340-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on June 3, 2022. Judge You recommended that this Court deny Plaintiff's motion for judicial notice and grant Defendants City of Portland and Mayor Ted Wheeler's motion to dismiss.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to the Federal Rules of Civil Procedure 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 37. Plaintiff argues that Judge You misapplied the standard for a substantive due process violation under 42 U.S.C. § 1983 for a claim for damages resulting from a state-created danger to decedent, Aaron Danielson, in an impermissibly narrow way. The Court disagrees.

As explained by Judge You, the state-created danger exception only applies when government actors "affirmatively place the plaintiff in a position of danger," their acts create "an actual, particularized danger," and they act with "deliberate indifference to a known or obvious danger." *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133 (9th Cir. 2018). The government actors must have "left the person in a situation that was more dangerous than the one in which they found him." *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000).

PAGE 2 – ORDER

Plaintiff's objection that Judge You misapplied the state-created danger exception under the circumstances of this case, where the Portland Police Bureau chose not to engage in robust policing of protests and counterprotests is foreclosed by the Ninth Circuit's decision in *Johnson v. City of Seattle*, 474 F.3d 634 (9th Cir. 2007). In *Johnson*, the plaintiffs argued that "[d]efendants' change in police enforcement policy violated their Fourteenth Amendment right to due process by affirmatively placing them in a position of enhanced danger" during a Mardi Gras celebration in Seattle's Pioneer Square District. *Id.* at 635-36. The City of Seattle did not have a history of violent Mardi Gras celebrations. *Id.* at 636. On the first day of the celebration in 2001, however, members of the crowd became aggressive and attacked police officers. *Id.* In response, the Seattle Police Department revised its operations plan for the celebration. *Id.* "The plan provided that the Seattle Police Department would deter unlawful activity by maintaining a strong presence of uniformed officers. All police personnel were instructed to conduct highly visible patrols. . . ." *Id.*

After one more night of riotous behavior, the Seattle Police Department then scaled back its presence in the crowd after Mardi Gras celebrations were "quiet" and "trouble-free" for two consecutive nights (nights three and four of the celebration). *Id.* On the fifth night, however, the crowd became violent and police officers decided to withdraw to the perimeter. *Id.* at 637. The plaintiffs were assaulted and sustained injuries from the violent crowd. *Id.* Radio communications by the Seattle Police Department instructed officers to evacuate when the crowd became violent and stay at the perimeter, despite reports of individuals assaulting people and victims in need of medical care. *Id.* The plaintiffs argued that by abandoning the original operational plans for crowd control, which called for "large, highly visible police presence and aggressive law enforcement, and, instead, implementing a more passive plan of staying on the

perimeter of the crowd in Pioneer Square," the Seattle Police Department created a danger to the plaintiffs. *Id.* at 638.

The Ninth Circuit in *Johnson* held that "the officers did not knowingly take affirmative steps that placed the Pioneer Square Plaintiffs at risk." *Id.* at 640. For example, "the state actors did not confine the Pioneer Square Plaintiffs to a place where they would be exposed to a risk of harm by private persons." *Id.* at 640. The court also noted that the plaintiffs "voluntarily placed themselves in the midst of the crowd that subsequently became unruly." *Id.* This led the Ninth Circuit to conclude:

> The decision to switch from a more aggressive operation plan to a more passive one was not affirmative conduct that placed the Pioneer Square Plaintiffs in danger, because it did not place them in any worse position than they would have been in had the police not come up with any operational plan whatsoever.

*Id*. at 641; *see also id.* ("Even if proved not the most effective means to combat the violent conduct of private parties, the more passive operational plan that the police ultimately implemented did not violate substantive due process because it placed the Pioneer Square Plaintiffs in no worse position than that in which they would have been had the Defendants not acted at all." (cleaned up)).

Similarly, in this case, minimal Portland Police Bureau presence was deployed in response to the protests and counterprotests, and police officers were ordered to stay out of sight. ECF 1 ¶ 21. The officers, however, did not knowingly take affirmative steps that placed Mr. Danielson at risk. *See Johnson*, 474 F.3d at 641. For example, they did not confine Mr. Danielson to a location or direct him to the location in which he was shot. State actors did not place Mr. Danielson in a worse position than he would have been in the absence of any police operational plan. *See id.* Thus, the Court agrees with Judge You's application of the state-created danger exception.

PAGE 4 – ORDER

Plaintiff also objects that Judge You took too narrow of an approach regarding judicial notice, because Plaintiff requests judicial notice of the *documents* and not the *facts*, and yet Plaintiff also argues that Plaintiff should be able to assert the truth of the underlying facts. Although Plaintiff's argument on this point is unclear, the Court has reviewed *de novo* this portion of Judge You's Findings and Recommendation and adopts it.

Finally, Plaintiff objects that Judge You erred in recommending dismissal without leave to amend. Plaintiff, however, does not suggest there are any facts that could show a due process violation in this case. Mr. Danielson voluntarily went to downtown Portland. Plaintiff does not contend that a state actor directed Mr. Danielson to downtown Portland, required him to be in the location in which he was shot, or otherwise engaged in affirmative action with Mr. Danielson. The type of facts Plaintiff is suggesting adding to the complaint are not the type of facts that would support a claim under the state-created danger doctrine. Thus, the Court adopts this portion of the findings and recommendation.

The Court ADOPTS Judge You's Findings and Recommendation, ECF 31, as supplemented herein. The Court DENIES Plaintiff's motion for judicial notice, ECF 22. The Court GRANTS the Motion to Dismiss by Defendants City of Portland and Ted Wheeler, ECF 15.

**IT IS SO ORDERED.**

DATED this 29th day of August, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge