IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LUCAS CARRILLO**, Personal Representative of the Estate of Aaron Joseph Danielson,<br><br>Plaintiff,<br><br>v.<br><br>**THE CITY OF PORTLAND**, a municipal corporation; **MICHAEL SCHMIDT**, an individual; and **EDWARD TEVIS (TED) WHEELER**, an individual,<br><br>Defendants. | Case No. 3:21-cv-1340-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on July 11, 2022. Judge You recommended that this Court grant Defendant Michael Schmidt's motion to dismiss, based on absolute prosecutorial immunity.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to the Federal Rules of Civil Procedure 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 45. Plaintiff objects that Judge You too broadly construed the doctrine of prosecutorial immunity. Plaintiff argues that prosecutorial immunity does not apply to a decision to decline to prosecute prospective cases without an individual determination of the merits of the case. Plaintiff offers the example of when a prosecutor declines to prosecute cases when an officer's credibility is in question, but Plaintiff contends that in such circumstances future cases are considered on a case-by-case basis to see if there is other corroborating evidence. Plaintiff's objection is belied by the Ninth Circuit's decision in *Botello v. Gammick*, 413 F.3d 971 (2005). In *Botello*, the Ninth Circuit applied prosecutorial immunity to the prosecutor's decision not to prosecute all future cases in which an individual participated "in any phase of the investigative process. . . . under any circumstances, for instance even where

PAGE 2 – ORDER

there might be corroborating evidence or testimony." *Id.* at 977. Despite the broad prospective nonprosecution decision, which gave the Ninth Circuit "pause," the Ninth Circuit concluded: "Nonetheless, [the prosecutors'] decision not to prosecute Botello's cases and their communication of that decision is intimately tied to the judicial process and is thus entitled to absolute immunity." *Id.*

Plaintiff's next argue that Judge You erroneously recommended applying prosecutorial immunity to Mr. Schmidt's communication of his nonprosecution decision, including communication to the media, arguing that Judge You misapplied *Botello*. Plaintiff argues that because *Botello* cited *Beck v. Phillips*, 685 N.W.2d 637 (Iowa 2004), which applied only qualified immunity to communications, only qualified immunity should apply to Mr. Schmidt's communication of his decision. *Botello*, however, applied absolute prosecutorial immunity to both the decision not to prosecute and the communication of that decision. *Botello* is binding authority on this Court.

Additionally, *Botello* cited a Ninth Circuit case with a "*see*" signal in support of its application of absolute immunity to both decisions of the prosecutors and cited *Beck* with a "*cf*" signal. The *cf* signal is used to introduce a source that supports a proposition that is different from the one it follows, but that is analogous enough that it still indirectly supports the proposition it follows. The parenthetical to *Beck* explained that the Iowa court applied absolute immunity to the nonprosecution decision (the same as the Ninth Circuit decision in *Botello*) but only qualified immunity for the communication (different from the Ninth Circuit in *Botello*). Thus, the difference in the immunity for the prosecutor's communication appears to explain why

the Ninth Circuit used the *cf* signal instead of *see* when citing *Beck*.[1] Plaintiff's argument that this Court should follow *Beck* instead of *Botello* based on this citation is misplaced.

The Court ADOPTS Judge You's Findings and Recommendation, ECF 40. The Court GRANTS the Motion to Dismiss by Defendant Michael Schmidt, ECF 9, and dismisses the claims against him with prejudice.

**IT IS SO ORDERED.**

DATED this 1st day of September, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] Further, the type of communication in *Beck* was different. In *Beck*, the court found that the prosecutor communicated with law enforcement officers to influence how they did their job, which was an administrative function, as opposed to communicating a prosecutorial policy, which has been held to be a quasi-judicial function shielded by absolute immunity.

PAGE 4 – ORDER